■ ALAN SHINDEL et al., on Behalf of 284 PARKWAY ASSOCIATES, Respondents, v MICHELIN MANAGEMENT CORP., Appellant. — In an action, *inter alia,* for permanent injunctive relief, defendant appeals from stated portions of an order of the Supreme Court, Kings County (De Matteo, R.), dated August 25, 1981, which, *inter alia,* pending hearing and determination of plaintiffs' motion for a preliminary injunction, enjoined defendant from managing or interfering with the operation and management of the property located at 284 Eastern Parkway, Brooklyn, New York, and collecting rents from the tenants thereof and required plaintiffs to file an undertaking. Order reversed, insofar as appealed from, on the law, without costs or disbursements, and decretal paragraphs 4, 11, 12 and 13 are deleted. Plaintiffs, owners of an apartment building located at 284 Eastern Parkway, Brooklyn, New York, brought this action, *inter alia,* to permanently enjoin defendant, Michelin Management Corp., from acting as the managing agent for the building. Plaintiffs sought a preliminary injunction by order to show cause dated July 28, 1981. The order to show cause provided that pending the hearing and determination of the motion for a preliminary injunction, defendant Michelin Management Corp. would be restrained from collecting any management fees from the management of the property, and from paying any salaries or other moneys out of the funds collected from the management of the property to its president Mitchell Fine, or any member of his family, and from disposing of any funds from the property except in payment of mortgage installments, or for repairs to the premises. The motion for a preliminary injunction was then assigned to be heard by a referee before whom were related matters involving some of these same parties. The referee heard oral argument and, prior to a hearing to determine whether the preliminary injunction should be granted, issued the order being appealed from, which greatly expanded upon the restraints in the order to show cause, and effectively removed defendant from management, the

ultimate relief sought by plaintiffs. As there had been no showing, as required by statute, that such additional relief was necessary to prevent irreparable injury, the referee's order was an abuse of discretion. Gibbons, J. P., Gulotta, O'Connor and Boyers, JJ., concur.